UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CARTER BYNUM,<br><br>Plaintiff,<br><br>v.<br><br>MARY KAREN SWEET, et. al,<br><br>Defendants. | Case No. 21-05833 BLF(PR)<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE COURT MORE INFORMATION FOR DEFENDANT MARTIN LAUFIK** |

Plaintiff, a California inmate, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against staff at the Correctional Training Facility ("CTF"). Dkt. No. 1. On November 6, 2019, Plaintiff filed an amended complaint, which is the operative complaint in this matter. Dkt. No. 12. On April 7, 2022, the Court ordered service and directed Defendant Martin Laufik to file a dispositive motion or notice regarding such motion. Dkt. No. 22. The Clerk issued a summons to be served by the United States Marshal's Office. Dkt. No. 23. On April 25, 2022, the United States Marshal's Office filed the unexecuted summons as to Martin Laufik with the notation, "Dr, Laufik does not work @ this hospital." Dkt. No. 25.[1] Accordingly, Defendant Laufik has not been served.

---

[1] A previous summons for Defendant Laufik issued on January 11, 2022, was recently returned as unexecuted on April 15, 2022, by the United States Marshal's Office with the

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 90 days, and thus, absent a showing of "good cause," claims against Defendant Laufik are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must remedy the situation by providing more information regarding Defendant Laufik's current whereabouts or face dismissal of his claims against this Defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

For the foregoing reasons, the Court orders Plaintiff to file a notice providing the Court with more information regarding the current whereabouts for **Defendant Martin Laufik** such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with the information requested **within twenty-eight (28) days** of the date this order is filed, Plaintiff's claims against Defendant Laufik shall be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

**IT IS SO ORDERED.**

Dated: __April 29, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Directing Pl. to Provide Court More Info. for Def. Laufik
PRO-SE\BLF\CR.21\05833Bynum_more info

---

notation, "No longer works here/cannot accept." Dkt. No. 25.