UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM CARTER BYNUM,<br>    Plaintiff,<br>    v.<br>MARY SWEET, et al.,<br>    Defendants. | Case No. 21-05833 BLF (PR)<br><br>**ORDER DIRECTING CLERK TO ISSUE SUMMONS AND MARSHAL TO SERVE COMPLAINT ON DEFENDANT MICHAEL LAUFIK; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |

    Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at the Correctional Training Facility in Soledad ("CTF") where he is currently incarcerated.[1]  Dkt. No. 1.  On April 29, 2022, Plaintiff was directed to provide the location information for Defendant Dr. Martin Laufik so the Marshal can effect service.  Dkt. No. 28.  On May 10, 2022, Plaintiff responded with that information.  Dkt. No. 31.  Accordingly, the Court will order the Marshal to formally serve the matter on Defendant Dr. Martin Laufik at the address provided by Plaintiff.

///

///

---

[1] The matter was reassigned to this Court after Plaintiff declined magistrate judge jurisdiction.  Dkt. Nos. 4, 6.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

The Court found the complaint stated cognizable claims based on the following allegations:

> Plaintiff claims that on or about January 31, 2020, he fell and injured his elbow while exiting the shower. Dkt. No. 1 at 5. Plaintiff claims Defendant Dr. Mary Karen Sweet acted with deliberate indifference in treating his injury, resulting in greater damage to the area. *Id.* at 11. Plaintiff claims Defendant Dr. Martin Laufik was negligent in misdiagnosing his injury, resulting in delayed treatment and irreparable damage. *Id.* at 12-13. Based on the foregoing, Plaintiff states a cognizable § 1983 claim for deliberate indifference to serious medical needs against Defendant Sweet. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Court will exercise supplemental jurisdiction over the negligence claim against Defendant Laufik. *See United Mine Workers v. Gibbs*, 33 U.S. 715 (1966).

Dkt. No. 9 at 2.

///

///

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.  The Clerk of the Court shall issue summons and the Unites States Marshal shall serve, without prepayment of fees, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendant Dr. Michael Laufik** at Tricity Medical Center, 4002 Vista Way, Oceanside, CA 92056. Dkt. No. 31. The Clerk shall also mail a copy of this Order to Plaintiff.

Defendant Laufik is advised to contact the Attorney General's Office[2] for possible representation in this action.

2.  No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.  **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

---

[2] Deputy Attorney General Zewugeberhan Zegeye Desta represents the other Defendant in this action and may be reached at the following email address: Zewugeberhan.Desta@doj.ca.gov.

motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

///

///

**IT IS SO ORDERED.**

Dated: __May 16, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Svc on Def. Laufik
PRO-SE\BLF\CR.21\05833Bynum_svc2(Laufik)

5